**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER BRAVO NEGRETE,<br><br>    Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | CASE NO. CV 13-06166 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

    Plaintiff Javier Bravo Negrete seeks review of the Social Security Commissioner's decision denying his claim for disability benefits. Plaintiff suffers from diabetes, which produces neuropathy and retinopathy; he also has had injuries to his cervical spine and shoulders, and has had two surgeries on his right shoulder. [AR 22] Although the Administrative Law Judge found that Plaintiff could not perform his past relevant work as a sheet metal fabricator [AR 27], he also found that Plaintiff retained the capacity to perform other work which existed in plentiful numbers in the economy, and therefore was not disabled. [AR 28]

    Plaintiff challenges the decision on one ground: that the Administrative Law Judge wrongly impeached his credibility. Plaintiff relies on a line of cases that hold that an administrative law judge, assessing an impairment that plausibly could be expected to produce pain, must give specific and legitimate reasons for discounting a claimant's

assertions of "excess" pain. *See Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc). He then finds fault with the Administrative Law Judge's explanations as to why Plaintiff is not entirely credible, and concludes that reversal is required. Plaintiff's position is understandable, but not correct.

The Administrative Law Judge did, as Plaintiff suggests, err in the statements he made about Plaintiff's credibility. The assertion that Plaintiff was seeing physicians primarily to bolster his Worker's Compensation claim, and not to address his impairments [AR 23], is not a legitimate reason, *see Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996), and is just plain silly; a person does not undergo several surgeries for the privilege of receiving a worker's compensation award. And the record does show, contrary to the assertion of the Administrative Law Judge, that Plaintiff underwent a number of therapies. Had the Administrative Law Judge's statements about credibility been important to the result, then the Court indeed would reverse the decision, and remand the matter for further proceedings.

But the decision centered on a different point — that, despite Plaintiff's impairments, he still could work. That was the conclusion even of Plaintiff's own physician, who, as the Administrative Law Judge noted, stated that Plaintiff could return to modified work beginning in October 2010, with various limitations. [AR 26] The Administrative Law Judge found a residual functional capacity that in fact imposed greater limitations than those identified by Plaintiff's treating physician. [AR 22-23] The capacity found by the Administrative Law Judge also was supported by the medical findings of the independent medical evaluation [AR 22, 346]. In fact, the limitations he suggested closely mirror the limitations adopted by the Administrative Law Judge. Even despite the Administrative Law Judge's incorrect comments about Worker's Compensation proceedings noted above, the Administrative Law Judge explicitly adopted findings largely consistent with those in the worker's compensation proceedings. [AR 25-26]

And, Plaintiff's statements of his own limitations also were largely accommodated by the Administrative Law Judge. Plaintiff complained of a limited ability

to stand or sit. The Administrative Law Judge's residual functional capacity provided that Plaintiff could stand only two hours within an eight hour day, that he needed to have the opportunity to change positions while he was sitting, that he had only occasional ability to push, pull, bend or kneel, and that he was limited in overhead reaching. [AR 22-23]

Thus, despite the Administrative Law Judge's incorrect statements about how to evaluate Plaintiff's complaints of pain, substantial evidence backed his decision that Plaintiff could work, and therefore was not entitled to a disability award. Accordingly, the decision is affirmed.

DATED: May 6, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE